**RECEIVED**

MAR 2 0 2018

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

CASE NO. 5:18-CV-00295-SMH-MLH

CLINTON STRANGE,

Plaintiff

FIRST AMMENDED COMPLAINT

v.

CARNIVAL CORPORATION,

Defendant

Civil Action:

Complaint for Violations of the:

Telephone Consumer Protection Act 47 U.S.C. § 227

)
)
)
)
DEMAND FOR JURY TRIAL

)

)

)

Preliminary Statement;

This is an action brought by an individual consumer against Defendant Carnival Corporation for violations of THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), under U.S. Federal Statutes:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

)

)

)

Jurisdiction of this court arises under:

$$47 \text{ U.S.C. } \S 227(g)(2)$$

Venue lies properly in this district pursuant to 28 **U.S.C. § 1391**

)

)

### PARTIES:

Plaintiff is an adult individual residing at 7021 Winburn Drive, Greenwood, LA 71033 within the Western District of Louisiana.

Defendant Carnival Corporation is a For Profit Corporation that regularly conducts business in Louisiana, and which has a principal place of business located at:

3655 N.W. 87th Avenue

MLGL 815

Miami, FL 33178

And whose registered agent is:

NRAI Services, Inc.

1200 South Pine Island Road

Plantation, FL 33324

### Factual Allegations:

1. Plaintiff never provided Defendant Carnival Corporation heretofore referred to as "Carnival" his cellphone number 318-780-8946.

2. Plaintiff never consented to be contacted by the Defendant by any means on the cellphone number (318-780-8946).

3. Plaintiff has repeatedly requested "to be removed from" the Defendant's call list.

4. The Defendant originally began calling the Plaintiff's cell phone in about January 2018 regarding a "Carnival Cruise" Plan for a "Mrs. Hill "on 1-25-2018 (see Exhibit A). Plaintiff explained to the agent calling that Mrs. Hill could no longer be reached at this number, and further went to the Carnival website and found a link to an e-mail address for Carnival Corporation (Exhibit C) regarding "privacy concerns" and emailed the Defendant to be sure the company would stop calling him on his cellphone(318-780-8946).

5. The phone number on the caller ID was for all calls made on behalf of the Defendant was 305-599-2600 (See Exhibit A & Exhibit B).

6. The Plaintiff asked to be removed from the Defendant's call list in an e-mail sent 1-25-2018 (Exhibit C).

7. Some of the calls made by the Defendant to the Plaintiff were made using an automated system, on information and belief, because the plaintiff claims he heard and audible "boop" when the call was connected to an agent.

8. A copy of the company's do-not-call policy was never delivered to Plaintiff as requested by email on 1-25-2018 (see Exhibit C).

9. Carnival Corporation is mostly a good Cruise Line Company whose focus is both customer centric while focusing on the bottom-line for their shareholders.

10. The Defendant did not provide the Plaintiff a copy of the Do-Not-Call Policy as requested on 1-25-2018 in an e-mail written request (Exhibit C) by any means, nor did the company try to contact him regarding his privacy concerns.

11. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

12. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

)

)

Count 1:

(Plaintiff v. Carnival Corporation)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

3. At all times pertinent hereto, Plaintiff was a "person" as that term is defined under:

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

4. Pursuant to:

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

    Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal laws referenced herein.

5. Defendant is liable to the Plaintiff for the full amount of actual, statutory, and punitive damages, along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

)

)

)

)

Jury trial Demand;

Plaintiff demands trial by jury on all issues so triable.

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Actual Damages;

Treble Damages;

Enjoinder from Further Violations of these Parts;

Statutory Damages;

Punitive Damages;

Costs and reasonable attorney's fees pursuant to:

$$47 \text{ U.S.C. } \S 227$$

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

X _____   3-20-2018

Clinton Strange
Pro-Se
7021 Winburn Drive
Greenwood, LA 71033
318-780-8946