UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CLINTON STRANGE                                CIVIL ACTION NO. 18-cv-0295

VERSUS                                         CHIEF JUDGE HICKS

CARNIVAL CORP.                                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Plaintiff filed this civil action against Carnival Corp. for alleged violations of the Telephone Consumer Protection Act based on calls to Plaintiff's cell phone. Carnival filed a motion to dismiss that raised defenses of improper venue and failure to state a claim on which relief may be granted.

Plaintiff responded with a Motion to Amend Complaint (Doc. 21) that is now before the court. He stated in his motion that he intended to eliminate one theory of recovery under the Act and instead assert a claim based on an alleged violation of the Do Not Call provisions of the Act. Plaintiff stated that he also wished to address the issue of venue in his amended complaint.

The court "should freely give leave [to amend a complaint] when justice so requires." F.R.C.P. 15(a)(2). Rule 15 has a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999). But denial of leave to amend may be warranted if the proposed amendment is

futile, such as when the proposed amendment fails to state a claim on which relief could be granted. Stripling v. Jordan Production Co., 234 F.3d 863, 873 (5th Cir. 2000).

Carnival filed a Memorandum in Opposition (Doc. 28) that opposes leave to amend on the grounds the proposed new claim is futile. Carnival argues that the amendment alleges only two challenged calls, one of those calls was made within a 31-day grace period that followed Plaintiff's registration of his phone on the Do Not Call registry, and the other call is not alone sufficient to allege a cause of action under the Act because it requires two or more offending calls.

Carnival's arguments hinge on the assumption that Plaintiff registered his phone on January 24, 2018. Plaintiff's proposed amendment states, however, that Plaintiff "ensured on 1-24-2018 that his cellphone was registered …." Plaintiff cites Exhibit D (Doc. 26), which is a print of a page showing registration was complete with respect to his number. The exhibit bears the date January 24, 2018 at the top, but it is not clear whether that was the date of actual registration, the date Plaintiff checked for confirmation of registration, or whether it is simply the date the page was printed. Thus, a factual underpinning of the futility argument is not without doubt.

This case is in the early stages, so there is no procedural basis to deny leave to amend. The futility argument is not persuasive, given the potential ambiguities in the current record regarding the date of registration. It is also the local preference that substantive challenges to amendments be brought by a motion to dismiss, which allows a full opportunity for briefing of potentially case dispositive issues. Accordingly, Plaintiff's **Motion to Amend Complaint (Doc. 21)** is **granted**. The Clerk of Court is directed to (1)

futile, such as when the proposed amendment fails to state a claim on which relief could be granted. Stripling v. Jordan Production Co., 234 F.3d 863, 873 (5th Cir. 2000).

Carnival filed a Memorandum in Opposition (Doc. 28) that opposes leave to amend on the grounds the proposed new claim is futile. Carnival argues that the amendment alleges only two challenged calls, one of those calls was made within a 31-day grace period that followed Plaintiff's registration of his phone on the Do Not Call registry, and the other call is not alone sufficient to allege a cause of action under the Act because it requires two or more offending calls.

Carnival's arguments hinge on the assumption that Plaintiff registered his phone on January 24, 2018. Plaintiff's proposed amendment states, however, that Plaintiff "ensured on 1-24-2018 that his cellphone was registered …." Plaintiff cites Exhibit D (Doc. 26), which is a print of a page showing registration was complete with respect to his number. The exhibit bears the date January 24, 2018 at the top, but it is not clear whether that was the date of actual registration, the date Plaintiff checked for confirmation of registration, or whether it is simply the date the page was printed. Thus, a factual underpinning of the futility argument is not without doubt.

This case is in the early stages, so there is no procedural basis to deny leave to amend. The futility argument is not persuasive, given the potential ambiguities in the current record regarding the date of registration. It is also the local preference that substantive challenges to amendments be brought by a motion to dismiss, which allows a full opportunity for briefing of potentially case dispositive issues. Accordingly, Plaintiff's **Motion to Amend Complaint (Doc. 21)** is **granted**. The Clerk of Court is directed to (1)

file the proposed amended complaint, (2) file with it the Exs. A-C that accompanied the original complaint (Doc. 1) and are referred to in the amended complaint, and (3) file with it Ex. D now found at Doc. 26.

Carnival filed its Amended Motion to Dismiss (Doc. 17) prior to the filing of Plaintiff's motion for leave to amend. The amended complaint substantially changed the claims at issue. Accordingly, Carnival's **Amended Motion to Dismiss (Doc. 17)** is **denied without prejudice** to any of the arguments or defenses raised therein. Carnival will be allowed 21 days from the entry of this order to file a new motion to dismiss, answer, motion for summary judgment, or other response directed at the most recent amended complaint.

This is Plaintiff's second amendment to his complaint. No further amendments will be allowed absent a showing of good cause.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 2nd day of May, 2018.

Mark L. Hornsby
U.S. Magistrate Judge