# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

| | |
|---|---|
| CLINTON STRANGE | CIVIL ACTION NO. 18–0295 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CARNIVAL CORPORATION | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed by the defendant, Carnival Corporation ("Carnival"). See Record Document 31. Carnival contends that the claims of the plaintiff, Clinton Strange ("Strange"), who is proceeding pro se, should be dismissed because he has failed to sufficiently allege a violation of the Telephone Consumer Protection Act ("TCPA") and because his claims were filed in an improper venue. See id. For the reasons that follow, the Motion to Dismiss is **DENIED**.

## BACKGROUND

Strange filed suit against Carnival, initially asserting that Carnival had committed violations of 47 U.S.C. §§ 227(b)(1)(A)(iii), (b)(1)(B), (b)(3), and (f) of the TCPA based on calls to his cell phone. See Record Document 1. Thereafter, Carnival filed a motion to dismiss that raised defenses of improper venue and failure to state a claim on which relief may be granted. See Record Document 17. Strange responded with a motion to amend his complaint, wherein he instead asserted a claim based on an alleged violation of the Do Not Call provisions of the TCPA, 47 U.S.C. § 227(c)(5). See Record Document 21. The motion for leave to amend the complaint was granted and because the amended complaint substantially changed the claims at issue, Carnival's initial motion to dismiss was denied

without prejudice to any of the arguments or defenses raised therein.  <u>See</u> Record Document 29.  Thereafter, Carnival filed the instant motion to dismiss.  <u>See</u> Record Document 31.

## LAW AND ANALYSIS

**I.      Pleading Standards and the Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard for the adequacy of complaints under Rule 8(a)(2) is a "plausibility" standard found in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny.  Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  <u>Id.</u> at 555-56, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." <u>Colle v. Brazos Cnty., Tex.</u>, 981 F.2d 237, 243 (5th Cir. 1993) (citation omitted). However, a court may rely upon "documents incorporated into the complaint by reference [] and matters of which a court may take judicial notice" in deciding a motion to dismiss. <u>Dorsey v. Portfolio Equities, Inc.</u>, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted); <u>see</u> Fed. R. Evid. 201.

Additionally, courts must accept all allegations in a complaint as true.  See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

A motion to dismiss is "viewed with disfavor and is rarely granted."  Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009).  Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations."  Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252 (5th Cir. 2011).  However, it must allege enough facts to move the claim "across the line from conceivable to plausible."  Twombly, 550 U.S. at 570, 127 S. Ct. at 1974.  Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950.

## II.     Failure to State a Claim.

The Do Not Call provision of the TCPA which Strange has alleged has been violated states:

> A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State–
>
> > (A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.

47 U.S.C. § 227(c)(5). Strange's amended complaint alleges only two challenged calls, one on January 25, 2018, and one on March 6, 2018. Carnival contends that one of those calls was made within a thirty-one day grace period that followed Strange's registration of his phone on the Do Not Call registry, and the other call is not alone sufficient to allege a cause of action under the TCPA because it requires two or more offending calls. See Record Document 31. However, as Magistrate Judge Hornsby noted in his Memorandum Order regarding Strange's motion to amend his complaint:

> Carnival's arguments hinge on the assumption that Plaintiff registered his phone on January 24, 2018. Plaintiff's proposed amendment states, however, that Plaintiff "ensured on 1-24-2018 that his cellphone was registered . . . ." Plaintiff cites Exhibit D (Doc. 26), which is a print of a page showing registration was complete with respect to his number. The exhibit bears the date January 24, 2018 at the top, but it is not clear whether that was the date of actual registration, the date Plaintiff checked for confirmation of registration, or whether it is simply the date the page was printed. Thus, a factual underpinning of the futility argument is not without doubt.

Record Document 29 at 2. As in its memorandum in opposition to Strange's motion to amend, Carnival again relies only upon the exhibit referred to by the magistrate (Record Document 26), which clearly contains potential ambiguities. Despite having been informed of the perceived factual discrepancies by the magistrate judge, Carnival nonetheless unconvincingly argues that "[b]y stating "Registration Complete," the registration document clearly shows that registration of the number was completed on the day that the website was visited." Record Document 31 at 2. Carnival takes its circular logic to a further extreme by arguing that "Mr. Strange's Amended Complaint also clearly states that he visited the website, and therefore registered his telephone number, on January 24, 2018." Id. To the contrary, and as pointed out by Magistrate Judge Hornsby, simply visiting the

website on that date does not necessarily indicate that Strange registered his number on that date. Carnival's assertions otherwise, especially in light of Magistrate Hornsby's memorandum order, are disingenous, at best. Therefore, Carnival's attempt to have Strange's claims dismissed for this reason is insufficient.

However, in his opposition brief to Carnival's motion to dismiss, Strange states that "[t]he Plaintiff did register his cellphone number [] on the National Do Not Call Registry on January 24, 2018 and did submit the registration document provided by the Federal Trade Commission website." Record Document 34 at 2. Even this apparent admission in a response brief does not result in the outcome Carnival seeks. Strange goes further in his response to assert that the cell phone number at issue had already been registered in the Do Not Call Registry on October 29, 2014, and attaches an exhibit evidencing such. See Record Document 36. This assertion inserts another hurdle for Carnival to overcome.

In an attempt to overcome this new hurdle, Carnival conjures up an entirely different argument in its reply. Carnival contends that Strange has "acknowledged that Carnival called his number only one day later [than January 24 - the date of his registration], **because it belonged to a Carnival customer, Mrs. Hill**."[1] Record Document 31 at 1 (emphasis added). However, Strange "acknowledged" no such thing. There is no allegation in any of Strange's filings that the mysterious Mrs. Hill was a Carnival customer, or what her relation is to the instant dispute. Carnival further suggests that the new,

---

[1]In his amended complaint, Strange asserts that "[t]he Defendant originally began calling the Plaintiff's cell phone in about January 2018 regarding a 'Carnival Cruise' Plan for a 'Mrs. Hill' on 1-25-18 (see Exhibit A). Plaintiff explained to the agent calling that Mrs. Hill could no longer be reached at this number. . . ." Record Document 30 at 1. Presumably, Carnival believes that Mrs. Hill, at one point, was the owner of the cell phone number that it called. However, this is unclear from the amended complaint.

October 24, 2014 registration document submitted by Strange "does not implicate Mr. Strange's privacy interests, since Carnival is permitted to call its customers (i.e., Mrs. Hill) even if that number is on the Do Not Call list." Record Document 37 at 1-2. Once again, there is no allegation that Mrs. Hill was a Carnival customer or that the cell phone belonged to Mrs. Hill, and there is no evidence (as this is a motion to dismiss) to support any of these assertions. Simply stated, there are too many discrepancies, and far too much innuendo by Carnival, for this Court to be able to grant a motion to dismiss for failure to state a claim.

Incredibly, Carnival then proceeds to assert that Strange's complaint should be dismissed because the TCPA provides that there is no violation when there is an established business relationship between the consumer and the company. In support of this argument, Carnival refers to the following statement made by Strange in his amended complaint: "Carnival Corporation is mostly a good Cruise Line Company whose focus is both customer centric while focusing on the bottom-line for their shareholders." Carnival somehow concludes that "[t]his shows that Mr. Strange has been a customer of Carnival and has a close relationship with Carnival." Record Document 31 at 3. This fantastical assertion by Carnival does not even merit a response by the Court.

Considering Strange's complaint as a whole, he has plausibly alleged facts which suggest, but do not prove, that Carnival may have legal liability. This Court's duty is to "determine whether the plaintiff stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Thompson v. City of Waco, Tex., 764 F.3d 500, 503 (5th Cir. 2014) (quotation and citation omitted). While Strange may not ultimately prevail, he has alleged enough factual content to nudge his claims "across the line from conceivable to plausible." Iqbal, 556 U.S. at 680, 129 S. Ct. at 1950-51, quoting Twombly,

550 U.S. at 570, 127 S. Ct. at 1974.  The Court must not convert the plausibility requirement of pleading into an analysis of whether Strange is likely to succeed on the merits.  See Twombly, 550 U.S. at 556, 127 S.Ct. at 1965 ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.").  At this stage, Strange is only required to plead a plausible cause of action.  This conclusion in no way determines his ultimate success.

In addition, this Court is hesitant to dismiss a claim at this stage of pleading considering the minimal legal argument, in addition to the factual inconsistencies and innuendo, that were made by Carnival in support of its position.  While there is not as much factual detail set forth in Strange's complaint as might be ideal, his allegations are sufficient to state a plausible claim against Carnival.  A complaint may proceed even if "recovery is very remote and unlikely," so long as the alleged facts "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555-56, 127 S. Ct. at 1965 (citation omitted).

## III.    Improper Venue.

In the alternative, Carnival contends that Strange's claims must be dismissed for improper venue under Federal Rule of Civil Procedure 12(b)(3), arguing that the Western District of Louisiana is an improper venue.  See Record Document 31 at 6.  If a defendant objects to venue, the burden is on the plaintiff to establish that venue is proper in the judicial district in which the case has been brought.  See Perez v. Pan Am. Life Ins. Co., 70 F.3d 1268 at *2 (5th Cir. 1995).  When considering a Rule 12(b)(3) motion, the Court must accept all allegations in the complaint as true and resolve all conflicts in favor of the

plaintiff.  <u>See</u> <u>Braspetro Oil Servs. Co. v. Modec (USA), Inc.</u>, 240 F. App'x 612, 615 (5th Cir. 2007).  The Court may look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments.  <u>See</u> <u>Ambraco, Inc. v. Bossclip B.V.</u>, 570 F.3d 233, 237 (5th Cir. 2009).  If the Court determines that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  28 U.S.C. § 1406(a).

Venue is governed by 28 U.S.C. § 1391.  Section 1391 provides: "[e]xcept as otherwise provided for by law . . . this section shall govern the venue of all civil actions brought in district courts of the United States."  28 U.S.C. § 1391(a).  Section 1391(b) instructs that venue is appropriate in:

(1)     a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)     a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or

(3)     if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

<u>See</u> 28 U.S.C. § 1391(b).  If venue is challenged, the court must determine whether the case falls within one of the three categories.  <u>See</u> <u>Trois v. Apple Tree Auction Ctr., Inc.</u>, 882 F.3d 485, 493 (5th Cir. 2018).  "If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under section 1406(a)."  <u>Id.</u>, quoting <u>Alt. Marine Const. Co. v. U.S. Dist. Court for the W. Dist. of Tex.</u>, 571 U.S. 49, 56, 134 S. Ct. 568, 577 (2013).

Venue may be proper in more than one district, and the "substantial part of the events or omissions test does not require that the chosen venue to be the *best* venue. . . the selected district must simply have a substantial connection to the claim." <u>Zurich Am. Ins. Co. v. Tejas Concrete & Materials, Inc.</u>, 982 F.Supp.2d 714, 722 (W.D. Tex. 2013) (emphasis in original), quoting <u>VP, LLC v. Newmar Corp.</u>, No. 11-2813, 2012 WL 6201828, at *9 (E.D. La. Dec. 12, 2012). "'[S]ubstantiality' for venue purposes is 'more of a qualitative than quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." <u>Univ. Rehab. Hosp., Inc. v. Int'l Co-op. Consultants, Inc.</u>, No. 05-1827, 2006 WL 1098905 (W.D. La. Apr. 24, 2006) (quotations and citation omitted). "Although the chosen venue does not have to be the place where the most relevant events took place, the selected district's contacts still must be substantial." <u>See</u> <u>McClintock v. Sch. Bd. East Feliciana Parish</u>, 299 F. App'x 363, 365 (5th Cir. 2008).[2]

---

[2]Carnival focuses upon the argument that it is not a resident of the Western District of Louisiana and that the events giving rise to this action did not occur in the Western District of Louisiana. <u>See</u> Record Document 31 at 6. A defendant corporation resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). "When a state has more than one judicial district, as Louisiana does, a corporate defendant resides in any district in which 'its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State." <u>Fowler v. Deloitte & Touche, LLP</u>, No. 15-2695, 2017 WL 1293983, at *3 (W.D. La. Mar. 24, 2017) (citing 28 U.S.C. § 1391(d)). Carnival contends that it is a foreign corporation with its headquarters and principal place of business in Miami, Florida, and that it has no employees in the Western District of Louisiana. It further summarily asserts that it does not have sufficient minimum contacts with the district, without any discussion of specific or general jurisdiction. This Court need not reach this argument because it has determined that a substantial part of the events giving rise to the claim occurred in the Western District of Louisiana. However, the Court notes that other district courts have concluded that intending to call people within a certain district is sufficient to establish purposeful direction for specific jurisdiction. <u>See</u> <u>Ott v. Mort. Invs. Corp. of Ohio, Inc.</u>, 65 F. Supp. 3d 1046, 1057 (D. Or. 2014); <u>Rinky Dink Inc. v. Elec. Merch. Sys. Inc.</u>, No. 13-1347, 2014 WL 5880170, at *3 (W.D. Wash. Sept. 30, 2014); <u>Luna v. Shac, LLC</u>, No. 14-607, 2014 WL 3421514, at *3

According to Strange's amended complaint, Carnival called him while he was in the Western District of Louisiana.  <u>See</u> Record Document 30 at 4.  Strange also appears to argue that because his cell phone number has a Louisiana area code of 318, Carnival intended to reach someone in the Western District of Louisiana by calling that number.  Moreover, the inquiry of the Court under Section 1391(b)(2) is only concerned with whether a substantial part of the events or omissions giving rise to the claim occurred within the proposed district.  In this case, Carnival (1) intentionally called a number with a Louisiana area code, (2) by doing so, expected to reach someone in Louisiana, and (3) assuming this conducted violated the TCPA, the injury caused by Carnival's conduct occurred in Louisiana.  This Court finds that a substantial number of events giving rise to Strange's claims occurred in the Western District of Louisiana.  <u>See</u> <u>Sapan v. Dynamic Network Factory, Inc.</u>, No. 13-1966, 2013 WL 12094829, at *3 (S.D. Cal. Nov. 25, 2013) (finding the district where plaintiff received the phone call to be a proper venue in a TCPA case).  Venue may be proper in more than one location, and the Court is not required to determine the "best" venue, but rather whether the chosen venue is proper.  <u>See</u> <u>Old Republic Ins.</u>

_____

(N.D. Cal. July 14, 2014).  This Court agrees with the analysis by the court in <u>Ewing v. McCarthy</u>, No. 3:17-1554, 2017 WL 4810098, at *3 (S.D. Cal. Oct. 25, 2017):

> The Court recognizes the fact that, in this day and age, many mobile telephone numbers may belong to someone who does not live in the area matching the number's area code.  But as the court in <u>Ott</u> explained, it is also true that many, and perhaps the majority, of the numbers with a particular area code belong to individuals who actually live in that area.  65 F. Supp. 3d at 1057.  This Court also expresses concern that if it cannot infer intent to reach an area from the fact that an individual called an area code corresponding to that area, in most TCPA cases the only jurisdiction in which a claim can be brought will be wherever the defendant is located.  That result is simply too unjust to accept.

Co. v. Admiral Ins. Co., No. 15-3597, 2016 WL 10788990, at *3 (W.D. Tex. Aug. 8, 2016). For the reasons explained above, venue is proper within the Western District of Louisiana.[3]

## CONCLUSION

Based on the foregoing, the Motion to Dismiss filed by Carnival (Record Document 31) is **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of March, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[3]In the alternative, Carnival has requested, in a one-sentence paragraph, that should the court decline to dismiss the claims of Strange, it should transfer the case to Eastern District of Louisiana pursuant to 28 U.S.C. § 1406(a). See Record Document 31 at 8. This Court has determined that venue is proper in the Western District of Louisiana.